```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/04/2023

NEB MORROW,

                    Petitioner,

- against -

UNITED STATES OF AMERICA,

                    Respondent.

14 Civ. 1527 (VM)
10 Crim. 102 (VM)

ORDER

**VICTOR MARRERO, United States District Judge.**

Petitioner Neb Morrow ("Morrow") moved for leave in the United States Court of Appeals for the Second Circuit to file a second and successive habeas petition pursuant to 28 U.S.C. Section 2255 ("Section 2255"). (See "Petition" or "Pet.," Civ. Dkt. No. 10-1.) The Second Circuit granted Morrow's motion for leave and transferred the proceedings to this Court. The Second Circuit's mandate provided this Court with the "preliminary task of determining whether the claims in Petitioner's § 2255 motion -- as to which we have only concluded that prima facie showing has been made as to one of those claims -- satisfy the threshold requirements governing success § 2255 motions." (See Civ. Dkt. Nos. 9-10.) With the Second Circuit's leave, Morrow filed his motion. (See "Motion," Civ. Dkt. No. 11.) The Court has reviewed the Motion and finds that one of the grounds on which Morrow moves meets the statutory requirements and directs the Government to

answer the Motion with respect to that ground within thirty (30) days of the date of this Order. Additionally, the Court finds that Morrow fails to meet the statutory requirements for a second or successive motion under Section 2255 for his second stated ground, and DENIES the Motion as to that ground for relief.

## I.    BACKGROUND

After a jury trial, Morrow was convicted of Count One, conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. Section 1951, and Count Two, use of a firearm in furtherance of the robbery conspiracy, in violation of 18 U.S.C. Section 924(c)(1)(A)(ii) ("Section 924(c)"), of the indictment 10 Cr. 102-01. (See Cr. Dkt. No. 60.) As to Count One, the indictment alleged that Morrow conspired to rob a chain of Radio Shack stores. (See Cr. Dkt. No. 10.) The indictment identified three "Overt Acts" taken in furtherance of the conspiracy: (1) Morrow and his co-conspirators' robbery of a Radio Shack in Brooklyn, New York, on or about June 28, 2009; (2) Morrow and his co-conspirators' robbery of a Radio Shack in Queens, New York, on or about July 5, 2009; and (3) Morrow and his co-conspirators' entry into a Radio Shack in Manhattan, New York, on or about July 19, 2009. (Id.) Count Two alleged that Morrow carried a firearm with him

during the commission of the Overt Acts and that he brandished it. (Id.)

Morrow was sentenced to 147 months' imprisonment. That sentence comprised 63 months' imprisonment on Count One, the conspiracy charge, followed by the mandatory and consecutive sentence of 84 months on Count Two, the firearms charge. (See Cr. Dkt. No. 73.)

Morrow filed a direct appeal of the Court's judgment. See United States v. Morrow, No. 10-4798 (2d Cir. Aug. 9, 2011), Dkt. Nos. 38-39. Morrow's appeal raised several points of relief, one of which is relevant here. Specifically, Morrow argued that venue in the Southern District of New York, which includes Manhattan, was improper because the indictment did not allege that any criminal conduct occurred in the Southern District. Specifically, Morrow argued that the only connection to the Southern District of New York was the indictment's inclusion of the Overt Act that Morrow "entered" a Radio Shack in Manhattan. As merely entering the Radio Shack was not a crime, Morrow contended that venue in the Southern District was improper, rendering his conviction there unconstitutional.[1]

---

[1] Morrow also raised, and the Court rejected, this issue at trial and sentencing.

3

The Second Circuit disagreed, affirming this Court's judgment. In its opinion, the Second Circuit rejected Morrow's arguments regarding proper venue.

> Venue in the Southern District of New York was properly supported in two ways -- first by evidence that Morrow, in furtherance of the robbery conspiracy, attempted to rob a Radio Shack store in Manhattan, and, second, by evidence that interstate commerce in the Southern District of New York was affected when, as a result of the robbery of Radio Shack stores in Queens and Brooklyn and the attempt in the Manhattan store, the Manhattan store was closed for two hours.

United States v. Allen, 472 F. App'x 35, 36 (2d Cir. 2012), cert. denied, Morrow v. United States, 568 U.S. 1176 (2013).

Morrow then moved, in 2014, under Section 2255, asserting five grounds for habeas relief. In his petition, Morrow reasserted the venue issue he raised on direct appeal, and which was denied by the Second Circuit. This Court again denied that claim as well as the others raised. (See Civ. Dkt. No. 5.)

About eight years later, in 2022, Morrow appropriately moved before the Second Circuit for leave to file a successive habeas motion pursuant to Section 2255. In his Petition, Morrow raised three grounds, which were narrowed to two grounds in the Motion now before the Court. First, Morrow argues that, following the Supreme Court's ruling in United States v. Davis, 139 S. Ct. 2319 (2019), his firearms charge under Section 924(c) must be vacated. Second, Morrow re-

4

raises his venue argument and cites to a purported change in law stemming from the Supreme Court's decision in United States v. Taylor, 142 S. Ct. 2015 (2022). The Second Circuit determined that Morrow established a *prima facie* showing for a second and successive habeas motion on the first stated ground for relief, and directed this Court to determine whether that and/or the second stated ground are sufficient under 28 U.S.C. Sections 2244(a), 2244(b)(3)-(4), and 2255(h).

## II.  LEGAL STANDARD

A motion under Section 2255 is "second or successive" if "a prior petition raising claims regarding the same conviction or sentence[ ] has been decided on the merits." Quezada v. Smith, 624 F.3d 514, 518 (2d Cir. 2010) (quotations omitted). Section 2255 states that "[a] second or successive motion [under this Section] must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain" either (1) newly discovered evidence that is sufficient to show, by clear and convincing evidence, that no reasonable factfinder would find the movant guilty of the offense at issue, or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

Section 2244 lays out the procedure that a petitioner must follow in order to move for certification of their second or successive motion for relief under Section 2255. This process includes the petitioner filing in the appropriate Court of Appeals and a three-judge panel of the Court of Appeals deciding whether petitioner has made a "prima facie showing that the application satisfies" the statutory requirements. 28 U.S.C. § 2244(b)(3). This means that "[b]efore presenting a second or successive motion, the moving party *must obtain* an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2255, para. 8." Rule 9, Rules Governing Section 2255 Cases in the United States District Courts, U.S.C. Sec. 2255 Proc. R. 9 (emphasis added).

### III. DISCUSSION

There is no question that Morrow's Petition is second and successive and that he properly obtained leave from the Second Circuit under Section 2244. The only question for the Court to decide is whether the grounds for relief Morrow proffers satisfy the standard under Section 2255(h). As noted, under Section 2255(h) "a second or successive motion must be dismissed unless it contains either (1) newly discovered evidence that is probative of innocence, or (2) a newly announced rule of constitutional law that was made

6

retroactive by the Supreme Court." Steele v. United States, 15 Cr. 836 (VM), 20 Civ. 1151 (VM), 2022 WL 2305685, at *2 (S.D.N.Y. June 27, 2022). Morrow relies on the latter, a newly announced rule of constitutional law, for both bases.

A.   GROUND ONE: FIREARMS CHARGE UNDER SECTION 924(c)

Morrow's first stated ground for relief is relatively cut and dry. Morrow argues that his firearms conviction under Section 924(c) must be vacated because the Supreme Court held in United States v. Davis that the residual clause of Section 924(c) is unconstitutionally vague as it relates to what offenses constitute a "crime of violence." 139 S. Ct. 2319. Morrow argues that conspiracy to commit Hobbs Act robbery is not a "crime of violence" under Section 924(c)'s residual clause.

Morrow appears correct. The Supreme Court's holding in Davis amounts to a "newly announced rule of constitutional law" that would apply to Morrow's conviction on collateral attack. Here, the predicate crime for Morrow's firearms charge was only *conspiracy*, as opposed to a *substantive* Hobbs Act robbery. As the conspiracy conviction relies on the residual clause of Section 924(c) to be considered a crime of violence, it cannot serve as the predicate offense for the firearms charge. See United States v. Barrett, 937 F.3d 126, 128 (2d Cir. 2019) (agreeing with parties' argument that the

7

"conviction for using a firearm in committing Hobbs Act robbery *conspiracy* must be vacated because the identification of that crime as one of violence depends on the § 924(c)(3)(B) residual clause definition.") (emphasis in original). Accordingly, Morrow has satisfied the threshold showing under Section 2255(h) for a second and successive motion on the first ground he raises. The Government is directed to respond to the Motion on this issue within thirty (30) days of the date of this Order.

    B.    <u>GROUND TWO: VENUE</u>

Morrow again raises a variation of his venue argument, an argument that this Court and the Second Circuit have thrice rejected. As Morrow raised this argument in his direct appeal and his first habeas motion, that alone serves as a basis for denial. Morrow, however, now raises the Supreme Court's decision in <u>United States v. Taylor</u> –- but that citation does not save him. In <u>Taylor</u>, the Supreme Court held that attempted Hobbs Act robbery does not qualify as a crime of violence under the elements clause of Section 924(c). <u>See</u> 142 S. Ct. at 2025-26. While <u>Taylor</u> possibly raises a new rule of constitutional law, that rule has little to do with Morrow's argument here. Morrow was not convicted of attempted Hobbs Act robbery, but conspiracy. Nor was Morrow's firearms charge predicated on attempted Hobbs Act robbery. <u>Taylor</u> has no

8

application here. Thus, Morrow has not raised any new evidence or a new rule of constitutional law sufficient to satisfy Section 2255(h). Further, because Morrow's venue argument is meritless and has been rejected several times, the Court also denies Morrow a certificate of appealability on this issue. See Rule 11(a), Rules Governing Section 2255 Cases in the United States District Courts, U.S.C. Sec. 2255 Proc. R. 11.

## IV. ORDER

For the reasons stated above, it is hereby

**ORDERED** that Ground One of Petitioner Neb Morrow's ("Morrow") petition for second and successive habeas relief ("Motion," Civ. Dkt. No. 11) meets the threshold requirements of 28 U.S.C. 2244 and 2255; and it is further

**ORDERED** that the Government respond to Ground One of the Motion within thirty (30) days of the date of this Order; and it is further

**ORDERED** that Ground Two of Morrow's Motion fails to meet the threshold requirements of 28 U.S.C. Section 2255 and his Motion is **DENIED**; and it is further

**ORDERED** that no certificate of appealability shall issue as to Ground Two of Morrow's Motion.

**SO ORDERED.**

Dated:   4 April 2023
         New York, New York

_____
Victor Marrero
U.S.D.J.

9